## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      *Plaintiff,*

vs.                              Case No. 18-10085-EFM

EBUBE OTUONYE,

      *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Release from Custody and Appointment of Counsel (Doc. 134) and Modified Motion for Release (Doc. 136).  He seeks early release from prison due to having underlying health conditions that make him susceptible to severe health complications from COVID-19.  The government opposes Defendant's motion.  For the reasons stated in more detail below, the Court denies Defendant's motion.

## I.       Factual and Procedural Background

On July 23, 2019, Defendant was found guilty of conspiracy to distribute, in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(C); distribution of controlled substances, in violation of § 841(a)(1), § 841(b)(1)(C), and 18 U.S.C. § 2; and two counts of health care fraud, in violation of 18 U.S.C. § 1347.  On October 23, 2019, Defendant was sentenced to 150 months imprisonment for two counts and 120 months imprisonment for the other two counts, to run concurrently.

Defendant is 48 years old, and he is currently incarcerated at Fort Worth FMC.  There have been 622 positive cases, and 12 inmates have died in the facility in which Defendant is housed.[1]  Currently, there are 31 active inmate cases and 9 active staff cases.  Defendant's projected release date is March 16, 2030.

On June 4, 2020, Defendant filed a motion seeking release from custody and appointment of counsel.  He seeks early release due to the underlying health conditions of hypertension, detached eye retina, and pain in the left ankle.  Defendant states that he already contracted COVID-19, but his underlying health conditions place him at higher risk in experiencing severe consequences or experiencing re-infection.  He also requests counsel.  Defendant also filed a modified motion and supplement on July 6, 2020, asserting that he dropped his request for counsel.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified Defendant and the Court that it did not intend to enter an appearance.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2]  It allows defendants to seek early release

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited September 21, 2020).

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.    Analysis

Defendant seeks early release based on underlying medical conditions and the risk of severe complications from COVID-19.   The government asserts that Defendant is not an appropriate candidate for early release.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release, or home confinement, from the Warden on April 23, 2020.  As of June 4 and July 6, 2020, Defendant had not received a response from the Warden.  The government also admits that Defendant meets the exhaustion requirement.  Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

### B.    Extraordinary and Compelling Reasons

Defendant next asserts that his medical conditions of hypertension, detached eye retina, and pain in the left ankle, coupled with the outbreak of COVID-19, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  Defendant also states that he was already diagnosed with COVID-19 in late spring.  Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of complications from COVID-19 may be higher due to his underlying health condition of hypertension,[7] he does not show a relatively high risk.  In addition, it does not appear that he had medical complications from already having COVID-19, thus diminishing his concern that he will or would develop severe complications.   In addition, based on current scientific and medical information, there is no

---

[7] Hypertension is listed by the Centers for Disease Control and Prevention ("CDC") as a condition that may cause increased risk for severe illness from COVID-19.   CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 21, 2020).

indication as to the likelihood that Defendant could be re-infected.  The Court recognizes the concerns and risks of COVID-19, but the presence of it in his facility does not justify a compassionate release, particularly when Defendant already had COVID-19 without any evidence of severe health complications.  Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

**C**.      **Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[8]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[9]

In this case, Defendant was found guilty on four counts of conspiracy to distribute controlled substances and health care fraud.  The sentencing guidelines recommended a sentence of 188 to 235 months.  The Court sentenced Defendant to 150 months after considering the factors under § 3553.

At this point, Defendant has only served approximately one year in his twelve-year sentence.  Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.  Furthermore, as noted above, Defendant already contracted COVID-19, and there is no evidence that he suffered from or is suffering from serious health complications.  The Court finds that the

---

[8] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[9] 18 U.S.C. § 3553(a).

150-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**D.      Counsel**

Defendant requests the appointment of counsel to assist with the preparation and briefing of his compassionate relief motion.  As noted above, the FPD notified Defendant and the Court that it did not intend to enter an appearance to represent Defendant.  Thus, Defendant withdrew his request in his modified motion.  The Court notes that there is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[10]  Furthermore, Defendant's motion demonstrates that he adequately articulates his arguments for relief.

In sum, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release from Custody and Appointment of Counsel (Doc. 134) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Modified Motion for Release (Doc. 136) is **DENIED**.

---

[10] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).

**IT IS SO ORDERED**.

Dated this 22nd day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE