IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>EBUBE OTUONYE,<br><br>*Defendant.* | Case No. 6:18-cr-10085-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Ebube Otuonye's self-styled Motion by Ebube Otuonye for the Kansas Federal Public Defender Office to Produce and Turn Over All Electronic Files Relating to Ebube Otuonye's Case in its Possession to Mr. Ebube Otuonye for Independent Forensic Analysis. The Motion requests exactly what the title suggests—that Defendant's counsel hand him all electronic files in his case so that he can consult an outside expert regarding their validity. Defendant's Motion to Vacate his sentence under 28 U.S.C. § 2255 is currently pending before the Court.

The decision to consult an outside expert as to the validity of the electronic files in Defendant's underlying case is a decision squarely within "the lawyer's province."[1] To allow Defendant to exercise some control over matters usually reserved to his counsel would result in a form of "hybrid representation."[2] However, there is no constitutional or statutory right to hybrid representation by an indigent defendant in a criminal case.[3]

Nevertheless, the Court "certainly has discretion to permit a true hybrid representation *if counsel is willing*."[4] Therefore, the Court must deny Defendant's Motion for the simple reason that his counsel is not willing, as evidenced by their Response opposing his Motion. Defendant, of course, retains the right to knowledgably and unequivocally proceed pro se, thereby obtaining full control over his case. That issue is not before the Court at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 191) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 16th day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018) (differentiating between "decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence"—the realm of the lawyer's discretion—and "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal"—decisions reserved to the client).

[2] *See United States v. Lucas*, 619 F.2d 870, 871 (10th Cir. 1980) (defining "hybrid representation" as the situation where the defendant "could participate as co-counsel and still have the services of appointed counsel in more than an advisory role, but subject to his direct control in matters of strategy, examination of witnesses and other functions").

[3] *See United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) ("[T]here is no constitutional right to a hybrid form of representation."); *United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975) ("Title 28 U.S.C. § 1654 is written in the disjunctive—'parties may . . . conduct their own cases personally or by counsel . . . .' Thus no statutory right of hybrid representation is accorded.").

[4] *Lucas*, 619 F.2d at 871 (emphasis added).