# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff-Respondent,*

vs.

EBUBE OTUONYE,

    *Defendant-Petitioner.*

Case No. 18-cr-10085-EFM-1
22-CV-01101-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendant-Petitioner Ebube Otuonye's Motion for Release (Doc. 208). Defendant seeks release from prison pending the outcome of his motion to vacate pursuant to 28 U.S.C. § 2255 filed on April 25, 2022.[1] Defendant was originally convicted by a jury of conspiracy, health care fraud, and illegally distributing and dispensing prescription medications on July 23, 2019.

Defendant moves for release pursuant to 18 U.S.C. § 3143(b). That statute, however, by its express terms only allows release of "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of

---

[1] Doc. 142.

certiorari."[2]  This plain language does not include a person who, like Defendant, has been convicted, sentenced, has no outstanding appeal, and has filed a motion to vacate his sentence.[3] Accordingly, Defendant's Motion must be denied.

**IT IS THEREFORE ORDERED** that Defendant Ebube Otuonye's Motion for Release (Doc. 208) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 7th day of March, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] 18 U.S.C. § 3143(b)(1).

[3] *Accord Gelin v. United States*, 2022 WL 3162171, at *1 (M.D. Fla. 2022), *appeal dismissed*, 2022 WL 17336500 (11th Cir. 2022) ("By their plain language, those provisions apply when a defendant is pending trial or appeal; the provisions do not apply to pending collateral attacks under Section 2255.").