IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Respondent,* vs. EBUBE OTUONYE, *Defendant-Petitioner,* | Case No. 6:18-cr-10085-EFM 6:22-cv-01101-EFM |

**MEMORANDUM AND ORDER**

Before the Court is pro se Defendant-Petitioner Ebube Otuonye's Motion for Reconsideration[1] (Doc. 211) of this Court's decision denying his previous motion to strike the Government's response (Doc. 190) to his original motion to vacate his sentence. Defendant raises numerous issues with the Court's handling of the situation which he thinks should dictate the Court's striking the Government Response. Namely, Defendant asserts: (1) the Court violated his due process and equal protection rights by not enforcing its timeliness rule in regard to the Government's late filing of its response; (2) the Court misstated its own rule as to the page

---

[1] Defendant has self-styled his motion as "Defendant's Formal Objection To The Court's Ruling On 'Motion To Strike Document 190 From The Records' Pursuant To Rule 46 Of The Federal Rules Of Civil Procedure." Liberally construed, this is a motion for reconsideration, because Defendant is asking the Court to change its ruling.

limitation at that time;[2] (3) that the Court acted as the Government's lead counsel by ruling on Defendant's motion before the Government responded; and (4) the Court failed to note that the Government incorrectly listed the docket number to which it was responding.  Tangentially, Defendant also claims the Court erred by not addressing his argument that his Sixth Amendment right to self-representation was violated by the appointment of counsel.

The Court has discretion whether to grant a motion to reconsider.[3]  The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[4]  Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[5]  A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[6]  The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[7]  Local Rule 7.3 further restricts this requirement, requiring motions to reconsider to be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." "A motion to reconsider is not a second chance for the losing party to make its strongest case or to

---

[2] Spoiler alert—it didn't.

[3] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[4] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[6] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[7] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

dress up arguments that previously failed."[8]  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[9]

Defendant's request boils down to this—he wants the Government's Response struck.  And yet, Defendant does not show any of the needed criteria to prevail upon a motion for reconsideration, assuming *arguendo* that such a motion is proper for a non-judgment ruling.  He offers no new evidence, no change in controlling law, and does not show that the Court's ruling constituted clear error or manifest injustice.  This showing, had he attempted it, would be particularly difficult here because "[m]otions to strike generally are disfavored, [and] the decision to grant such motion is within the court's discretion."[10]  He only makes conclusory allegations that his due process and equal protection rights were violated—the Court is left to conjecture as to how exactly.

Regarding the page limit, Defendant fails to show that the relevant page limit at the time of Government's response was 30 pages instead of 50 pages.  Indeed, the Court could hardly expect him to, considering that simply was not the case.[11]  Even if it were, that would hardly make the Court's ruling clear error.  Defendant's further contention that the Court acted as Government's counsel by ruling on his motion without waiting for the Government's response is facially absurd and unsupported.  The Court did no more than address Defendant's motion to strike on its own merits without giving the Government a chance to argue against it.

---

[8] *Voelkel*, 846 F. Supp. at 1483.

[9] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[10] *Rowan v. Sunflower Elec. Power Corp.*, 2015 WL 8024320, at *1 (D. Kan. 2015).

[11] Giving Defendant the benefit of the doubt, it appears likely that he confused the page limitations applicable to his case with those relevant to cases heard before Judge John W. Broomes.

Finally, the Government's "false statement" of regarding the docket number and this Court's appointment of counsel to Defendant were both irrelevant to the Court's decision to allow the response to go forward. Defendant fails to show how either occurrence makes the Court's decision to address Defendant's original motion on the merits by allowing the Government's response manifestly unjust or clearly erroneous. Accordingly, Defendant's Motion for Reconsideration must be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 211) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 20th day of March, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE