IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Respondent,* vs. EBUBE OTUONYE, *Defendant-Petitioner,* | Case No. 6:18-cr-10085-EFM 6:22-cv-01101-EFM |

**MEMORANDUM AND ORDER**

Before the Court is pro se Defendant-Petitioner Ebube Otuonye's Motion for Reconsideration (Doc. 220), the latest in a long line of Defendant's motions seeking release. This one differs in that Defendants moves for either release *or* transfer to a Bureau of Prisons ("BOP") facility so that Defendant can receive proper medical care. However, the underlying law and analysis for Defendant's health conditions remains the same as every other time Defendant has requested release. Therefore, the Court denies Defendant's Motion.

### I.    Factual and Procedural Background

On July 23, 2019, Defendant was found guilty of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(C); distribution of

controlled substances, in violation of § 841(a)(1), § 841(b)(1)(C), and 18 U.S.C. § 2; and two counts of health care fraud, in violation of 18 U.S.C. § 1347. On October 23, 2019, Defendant was sentenced to 150 months imprisonment for two counts and 120 months imprisonment for two counts and 120 months imprisonment for the other two counts, to run concurrently.

Defendant brought his currently pending motion to vacate his sentence on April 25, 2022. Since then, the procedural history of this case has been fairly complicated and is of little relevant to the present Motion. Suffice to say that Defendant now willingly proceeds pro se after disagreeing with his appointed counsel as to how to proceed with his § 2255 motion and has moved numerous times for release under multiple theories. On March 23, 2023, Defendant brought the present Motion requesting either compassionate release or transfer to a BOP facility so that his medical issues can receive better treatment. Specifically, Defendant complains that Butler County Jail personnel: (1) refuse to regularly provide Defendant with his blood pressure medication; (2) charge him $10 for each blood pressure check; (3) refuse to treat Defendant's detached retina, such as by providing Defendant with adequate glasses; and (4) refuse to treat Defendant's long-term breathing issues related to his past COVID-19 infection. The United States opposes this Motion.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[2] The administrative exhaustion requirement is a claims-processing rule, *not* a jurisdictional bar to the court hearing a petitioner's motion.[3] As such, this requirement may be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

**B.     Pro se parties**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[7] A pro se litigant is entitled to a liberal construction of his pleadings.[8] If a court can

---

[2] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

[4] *See id.* at 1031.

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[9] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[10] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[11] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[12]

### III.    Analysis

**A.    Exhaustion**

First, the Government concedes that Defendant's incarceration in the Butler County Jail means that he is unable to exhaust his administrative remedies because he does not have a BOP warden to whom he can submit the requisite documents. Therefore, exhaustion would prove futile. Accordingly, the Court finds that the exhaustion requirement described in § 3582(c) is waived for the purposes of this Order.

**B.     Extraordinary or compelling reasons**

Liberally construing his Motion, Defendant next asserts that Butler County Jail's inadequate provision of medical services constitutes extraordinary or compelling reasons for release. Specifically, Defendant alleges that jail personnel: (1) refuse to regularly provide

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant with his blood pressure medication; (2) charge him $10 for each blood pressure check; (3) refuse to treat Defendant's vision problems caused by his detached retina, such as by providing Defendant with adequate glasses; and (4) refused to treat Defendant's long-term breathing issues related to his past COVID-19 infection.

The Court is sympathetic to Defendant's concerns, especially if his allegations about not receiving blood pressure medication are true. However, not regularly receiving blood pressure medication is not an extraordinary nor compelling reason for release. Likewise, while a $10 charge for blood pressure checks is undoubtedly an inconvenience, it hardly serves as a serious obstacle to receiving treatment. Regardless, an Eighth Amendment claim against jail officials remains open to Defendant, but that is not at issue here.

Similarly, Defendant's concerns about not receiving better eyeglasses fail to reach the high standard contemplated by 18 U.S.C. § 3582(c)(1)(A)(i). And finally, although Defendant contracted COVID-19 while in prison, his medical records show that he was asymptomatic at that time. Here, his blanket assertion that he has lingering breathing issues from that infection is wholly unsupported, thereby failing to reach the level of "extraordinary or compelling."

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[13] Relevant to this case are: the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[14]

---

[13] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[14] 18 U.S.C. § 3553(a).

Here, Defendant was found guilty on four counts of conspiracy to distribute controlled substances and health care fraud. The sentencing guidelines recommended a sentence of 188 to 235 months. The Court sentenced Defendant to 150 months after considering the factors under § 3553.

At this point, Defendant has only served approximately three and a half years in his twelve-year sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, as noted above, Defendant already contracted COVID-19, and there is no evidence that he suffered from or is suffering from serious health complications. The Court finds that the 150-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**C.     Defendant's request to be transferred to the BOP**

Within his Motion for Compassionate Release, Defendant alternatively requests that the Court transfer him to a Bureau of Prisons facility. Defendant believes that the BOP provides better and cheaper healthcare than he can obtain at Butler County Jail. Once again, the Court is sympathetic to Defendant's request. However, in light of the upcoming hearing for Defendant's 28 U.S.C. § 2255 motion, transporting Defendant to a BOP facility for only a short time before he returns does not make sense. As stated above, Defendant's medical hardships are not severe and do not require this Court's immediate action. Therefore, the Court denies Defendant's request for transfer.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Compassionate Release (Doc. 220) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 18th day of April, 2023.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE